

# EXHIBIT 1

**CT Corporation**
Service of Process Notification
12/02/2022
CT Log Number 542779398

## Service of Process Transmittal Summary

**TO:** Kristin Seabrook, General Counsel
Pilot Flying J
5508 Lonas Dr
Knoxville, TN 37909-3221

**RE:** Process Served in South Carolina

**FOR:** Pilot Travel Centers LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TAMMY ELAINE STRICKLAND // To: Pilot Travel Centers LLC |
| **CASE #:** | 2022CP1700541 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | CT Corporation System, Columbia, SC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 12/02/2022 |
| **JURISDICTION SERVED:** | South Carolina |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Kristin Seabrook  Kristin.Seabrook@pilottravelcenters.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223
866-401-8252
EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



EXHIBIT CERTIFIED MAIL

7022 2410 0000 9513 8891



$8.69 US POSTAGE
2 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 2
RETAIL

062S00014432-1
10948140
FROM 29405

stamps
endicia
11/28/2022

## USPS FIRST CLASS MAIL®

 Dana Adkins, Esq.
5153 CELTIC DR
NORTH CHARLESTON SC 29405-4072

SHIP TO:
Pilot Travel Centers LLC
C/O CT Corporation System
2 Office Park Ct Ste 103
Columbia SC 29223-5948

USPS CERTIFIED MAIL™



9414 7112 0620 3833 3729 41

# EXHIBIT 1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON ) | FOURTH JUDICIAL CIRCUIT |
| ) | |
| TAMMY ELAINE STRICKLAND, ) | Case No.: 2022-CP- |
| Plaintiff, ) | |
| vs. ) | **SUMMONS** |
| ) | **(JURY TRIAL DEMANDED)** |
| PILOT TRAVEL CENTERS, LLC, PFJ ) | |
| SOUTHEAST, LLC, FCTI, INC., AND ) | |
| ABC CORPORATION, ) | |
| Defendants. | |

**TO: THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the attorney for the Plaintiff, Dana Adkins, Esq., at 5153 Celtic Drive, North Charleston, South Carolina 29405, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint with the aforesaid, judgment by default will be rendered against you for the relief demanded in said Complaint.

/s/ DANA ADKINS
Dana Adkins (SC Bar No. 78863)
5153 Celtic Drive
North Charleston, South Carolina 29405
Tel.: (843)823-6237 |Fax: (843) 823-6275
Dana.Adkins@palmettostateinjurylawyers.com
ATTORNEY FOR PLAINTIFF

November 23, 2022
North Charleston, South Carolina.

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

# EXHIBIT 1

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | FOURTH JUDICIAL CIRCUIT |
| TAMMY ELAINE STRICKLAND, | Case No.: 2022-CP- |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(JURY TRIAL DEMANDED)** |
| PILOT TRAVEL CENTERS, LLC, PFJ SOUTHEAST, LLC, FCTI, INC., AND ABC CORPORATION, | |
| Defendants. | |

COMES NOW Tammy Strickland, Plaintiff in the above-captioned matter, by and through her undersigned attorney, complaining of the Defendants herein, would allege and show unto this Court the following:

## JURISDICTION AND VENUE

1. Plaintiff, Tammy Elaine Strickland (hereinafter referred to as "Ms. Strickland"), was and is at all times material to this Complaint, a resident of the County of Lexington, State of South Carolina.

2. Upon information and belief, the Defendant Pilot Travel Centers, LLC (hereinafter "Defendant Pilot Travel Center") is a foreign corporation incorporated in the State of Delaware, but which transacts business in the State of South Carolina and maintains multiple locations across this state, including in the County of Dillon, from which it sells goods and services.

3. Upon information and belief, the Defendant PFJ Southeast, LLC (hereinafter "Defendant PFJ") is a foreign corporation incorporated in the State of Delaware, but

# EXHIBIT 1

which transacts business in the State of South Carolina and maintains multiple locations across this state, including in the County of Dillon, from which it sells goods and services.

4. Upon information and belief, the Defendant FCTI, Inc. (hereinafter "FCTI) is a foreign corporation incorporated in the State of California, but which transacts business in the State of South Carolina and maintains multiple locations across this state, including in the County of Dillon, from which it sells goods and services.

5. At all times herein mentioned, Defendant Pilot Travel Centers, LLC was the owner and/ or operator in possession and control of the Pilot Travel Center, located at 1504 SC-38 Latta, SC 29565, to which the public was invited to come and patronize therein, and where Ms. Strickland was injured as more particularly set forth below.

6. At all times herein mentioned, Defendant PFJ Southeast, LLC was the owner and/ or operator in possession and control of the Pilot Travel Center, located at 1504 SC-38 Latta, SC 29565, to which the public was invited to come and patronize therein, and where Ms. Strickland was injured as more particularly set forth below.

7. At all times mentioned, Defendant FCTI, Inc. was the owner and/ or operator in possession and control of the Pilot Travel Center, located at 1504 SC-38 Latta, SC 29565, to which the public was invited to come and patronize therein, and where Ms. Strickland was injured as more particularly set forth below.

8. Upon information and belief, the Defendant, ABC Corporation (hereinafter "ABC Corp."), is unknown to Plaintiff, who then sues said Defendant by such fictitious name. Plaintiff will amend the Complaint to show said Defendant's true name when the same has been ascertained. Plaintiff alleges on information and belief, said Defendant may

# EXHIBIT 1

in some manner be responsible for the acts or omissions alleged herein; moreover, this Court has jurisdiction over said Defendant and venue is proper in Dillon County, State of South Carolina.

9. Upon information and belief, at all times relevant hereto, Defendant Pilot Travel Center, Defendant PFJ, and Defendant FCTI each employed "associates" who acted as agents, servants, and/or employees of each of the respective Defendants; moreover, at all times relevant hereto, said associates were acting within the course and scope of their employment thereby making each respective defendant liable for the acts and/ or omissions of its associates under the doctrine of *respondeat superior*.

10. This Court has jurisdiction over the parties and the subject matter of this action pursuant to S.C. Code Ann §36-2-803, as the Defendants transact business in the State of South Carolina.

11. Venue is proper in Dillon County, South Carolina pursuant to S.C. Code Ann. §15-7-30 (E), because the injuries sustained by Ms. Strickland occurred in the State of South Carolina, County of Dillon.

## STATEMENT OF FACTS

12. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 11 as if stated verbatim here in.

13. On or about, January 1, 2020, Ms. Strickland, as a lawful public invitee, went to the Pilot Travel Center, located at 1504 SC-38 Latta, SC 29565, to use their showers.

14. During her shower, the shower head fell off and hit Ms. Strickland in the head resulting in injury to her person.

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

# EXHIBIT 1

### FOR A FIRST CAUSE OF ACTION
(Negligence/ Negligence *Per se* as to All Defendants)

15. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 14 as if stated verbatim here in.

16. Defendants owed the general public invited to the Pilot Travel Center, located at 1504 SC-38 Latta, SC 29565, including Ms. Strickland nondelegable duties of reasonable care for their safety, including:

   a. The duty to safely design, construct, and maintain its premises, free of unreasonable, foreseeable hazards that could pose a danger to its invitees, and in accordance with industry standards, and safety rules;

   b. The duty to provide for their safety while on its premises, including keeping the premises in a reasonably safe condition and free from dangerous conditions that could pose pedestrian hazards to its invitees;

   c. The duty to make reasonable inspections of its premises, including the public restroom/shower areas, and to discover risks to its invitees, and to warn of or eliminate foreseeable unreasonable risks;

   d. The duty to warn of latent or hidden dangers on premises, including dangerous and defective conditions on its public restroom/shower areas, of which Defendant had knowledge or should have had knowledge upon reasonable inspections;

   e. The duty to anticipate the harm to its invitees despite any obviousness of the dangerous conditions that may have existed and to take precautions to remove the potential dangers or harm.

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

# EXHIBIT 1

17. The Defendant by and through its agents and employees negligently breached the duties of due care owed by them to Ms. Strickland in one or more of the following ways:

   a. By designing, constructing, and/ or maintaining a public restroom/shower areas so that it was unreasonably placed, thereby creating unsafe and dangerous conditions for the public who come to utilize their showers, including Ms. Strickland;

   b. By designing, constructing, and/ or maintaining the public restroom/shower areas in such a way that it resulted in foreseeable unsafe and dangerous conditions for the public, including Ms. Strickland;

   c. In failing to design, construct, inspect and/ or maintain the public restroom/shower areas in such a way that a customer would be restricted from encountering a hazardous situation, such as regular maintenance of bathroom and/or shower areas;

   d. In failing to provide any protection to invitees against the unsafe conditions existing on the public restroom/shower areas, such as regular maintenance and inspections of all restroom/shower areas not limited to showerheads;

   e. By designing, constructing, and/ or maintaining all restroom/shower areas in a dangerous condition without providing any warnings, such as signage;

   f. If the condition that caused Ms. Strickland's injury is deemed to be an open-and-obvious defect, by failing to anticipate that a customer, such as Ms. Strickland, would nevertheless encounter the condition;

   g. By failing to have adequate procedures in place for periodic inspections and/ or in failing to properly inspect the restroom/shower areas as to discovery and

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

# EXHIBIT 1

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

remedy foreseeable dangers to pedestrians, such as the hazard that resulted in Ms. Strickland's injury;

h. By failing to hire, employ, contract with, or otherwise adequately train or supervise persons knowledgeable in maintenance safety or otherwise capable of evaluating the risks and hazards in the public restroom/shower areas;

i. By maintaining the public restroom/shower areas without providing reasonable periodic maintenance, repairs, and inspections, and thereby allowing the public restroom/shower areas to become dangerous to those members of the public who foreseeably would use it;

j. By designing, constructing, and/ or maintaining the public restroom/shower areas in violation of applicable building codes and/ or design, construction, or maintenance standards generally accepted in the industry; and,

k. By such other and further acts of negligent, reckless, and willful conduct as will be shown by the evidence produced at trial;

18. No conditions existed at the time of this incident that would have prevented the Defendants, in the exercise of due caution, and in furtherance of its duty to provide safe premises for members of the public, from inspecting the conditions of the public restroom/shower areas, making necessary corrections, and otherwise rendering the public restroom/shower areas safe and fit for use in this public place.

19. Defendants' conduct demonstrated a complete absence of due care and such conduct and/or failure to act was negligent, grossly negligent, and reckless, and constituted a willful disregard for the safety of the intended and foreseeable invitees and users of the Pilot Travel Center, , located at 1504 SC-38 Latta, SC 29565, including Ms. Strickland.

*Strickland v. Pilot Travel Centers, LLC, et al.*     7
*Summons and Complaint*

# EXHIBIT 1

20. By reason of one or more of the negligent, reckless, careless, and willful acts or omissions of the Defendants complained above, by and through its agents and employees, who were at all times set forth acting within the course and scope of their agency relationship; or by reason of any agency and/ or employment and/ or contractual or other relationship, and as a direct and proximate result thereof, Ms. Strickland suffered sustained serious injuries, both internally and externally, including, but not limited to, the following:

   a. An injury to her head resulting in continuous headaches, migraines on a daily basis;
   b. Pain and suffering from the time of the incident to the present;
   c. Certainty of future pain and suffering;
   d. Substantial loss of enjoyment of life, and recreational opportunities;
   e. Medical expenses and certainty of future medical expenses;
   f. Lost wages;
   g. Temporary disabilities, as well as whole body impairment and permenant disabilities;
   h. Loss of enjoyment of life, trauma, anxiety, annoyance, humiliation, embarrassment, and inconvenience – all to Plaintiff's general damage and detriment.

21. As a direct and proximate result of Defendant's negligence and/ or negligence *per se*, Plaintiff is entitled to recover actual, consequential, and punitive damages, as determined by a jury.

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

# EXHIBIT 1

### FOR A SECOND CAUSE OF ACTION
### (Premises Liability as to All Defendants)

22. Ms. Strickland realleges each and every allegation contained in Paragraphs 1 through 21 as if stated verbatim herein.

23. Defendants owed a duty of care to Ms. Strickland as an invitee, for which the highest level of care was owed.

24. The specific acts of the Defendants set forth herein created the hazardous condition that caused Ms. Strickland to sustain serious injuries inside the Pilot Travel Center, located at 1504 SC-38 Latta, SC 29565.

25. Defendants and/ or their agents had actual and/ or constructive knowledge of the hazardous condition described herein.

26. Defendants knew and/ or could have discovered the hazardous conditions complained of herein through exercise of reasonable care.

27. Defendants should have expected Ms. Strickland would not discover the danger, as described herein, or protect herself against it.

28. Defendants failed to exercise reasonable care to protect Ms. Strickland; therefore, breaching the duties Defendants owed to Ms. Strickland.

29. As a direct and proximate result of Defendants negligent and/ or reckless acts Ms. Strickland suffered injuries and damages as further described herein.

**WHEREFORE**, Plaintiffs respectfully pray for a trial by jury and for the following:

(a)  Judgment against the Defendants for joint and several liability, for actual, consequential, and punitive damages in an amount to be determined by the jury;

(b)  For the attorney fees and costs of this action;

(c)  For prejudgment and post judgement interest, and

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541

# EXHIBIT 1

(d)     For such other and further relief as this Court deems just and proper.

                                  Respectfully submitted,

                                  /s/ DANA ADKINS
                                Dana Adkins (SC Bar No. 78863)
                                5153 Celtic Drive
                                North Charleston, South Carolina 29405
                                Tel.: (843)823-6237 |Fax: (843) 823-6275
November 23, 2022                Dana.Adkins@palmettostateinjurylawyers.com
North Charleston, SC            ATTORNEY FOR PLAINTIFF

ELECTRONICALLY FILED - 2022 Nov 28 11:04 AM - DILLON - COMMON PLEAS - CASE#2022CP1700541